LOTTINGER, Judge.
This suit by R. T. Leiser and The Casualty Reciprocal Exchange Insurance Company against Forcum-James Company, Inc. and its insurer, The Travelers Insurance Company of Hartford, Connecticut, for damages alleged to have been caused to Mr. Leiser’s truck when he drove into an excavation made by Forcum-James Company, Inc., for the purpose of repairing Highway 190 in the town of Krotz Springs, St. Landry Parish, Louisiana and for damages to the cargo of Mr. Leiser’s truck which was under lease to Deaton Truck Line, Inc., The Casualty Reciprocal Exchange Insurance Company being the sub-rogee of the Deaton Truck Line, Inc. The Lower Court awarded judgment in favor of petitioner, R. T. Leiser, and against the defendants, in solido, in the sum of $783.05, and in favor of petitioner The Casualty Reciprocal Exchange Insurance Company, and against the defendants, in solido, in the sum of $860.78. The defendants have taken this appeal.
The facts show that at approximately 4:30 A.M. on the morning of March 23, 1953, petitioner was driving his truck and trailer in a westerly direction on U. S. Highway 190. As he approached the At-chafalaya River Bridge at Krotz Springs, Louisiana, he was driving at a speed of approximately 45 miles an hour. Petitioner contends that upon crossing the bridge and going down the west incline he reduced his speed to 30 miles an hour. While still going down the incline, he was approached by a vehicle traveling east, and the driver of said vehicle failed to dim his lights although petitioner claims that he did ask for dimmers by blinking his own lights. After the other vehicle had passed petitioner, he noticed a barricade across his lane of traffic at a distance of about 50 feet in front of his truck. Petitioner put on his brakes but, being unable to stop in time, swerved to the right, passed around the barricade, then turned his truck and trailer to the left in an attempt to regain the paved portion of the highway. Upon nearing the pavement, he noticed that he was in an excavation to a depth of some 12 inches below the surface of the paved highway. He then turned his truck to the right and came to a stop with the left wheels of his truck and trailer next to the pavement at a distance of some 100 feet west of the barricade.
Petitioner claims that there were no lights or proper warning provided to put the motorist on notice that he was approaching an excavation. He contends that the accident was due entirely to the negligence of defendant.
The defendants, on the other hand, contend that the accident was caused solely by the negligence of petitioner, claiming that he was driving at an excessive rate of speed and that he did not have proper control over his truck. The Lower Court found that the excavation constituted a hazard to traffic due to its position at the foot of the western approach to the Atcha-falaya Bridge, and rendered judgment in favor of petitioner. The defendants have appealed.
The facts show that the bridge is a high level bridge with two lanes of traffic. As the western incline goes down, the roadway fans out to four lanes, however, at the western extremity of the incline only the two southern lanes of traffic join the two-laned U. S. Highway 190. The northern two lanes of the incline come to an abrupt end, and it was at this point that the excavation had been made preparatory to pav *922 ing two additional lanes for westbound traffic on U. S. Highway 190.
The highway at the time of the accident was wet. Testimony shows that it had been raining for some time prior to the time of the accident, but at the time of the accident the rain had either stopped completely or there was a slight drizzle. The night was dark and the accident occurred between 4:00 and 4:30 A.M., just a short time before day.
Several residents, or parties who were working in the vicinity of the accident, testified that on this particular night there were no flares burning which would warn the approaching motorist of the obstruction to traffic. Although the superintendent testified that the flares had been lit the preceding night, and further testified that they were lit some three or four hours after the accident, the evidence preponderates to the effect that there were either no flares whatsoever lit around the excavation or that there were so few as to fail to give the necessary warning. It was testified by two parties who worked in the vicinity that no flares at all had been lit that night, or that they had been blown out after having been lit. One witness, who had a business in the vicinity, testified that on several occasions during the construction- work he had sent one of his employees to light flares which had been blown out. One of the witnesses testified that an automobile had run into the excavation earlier that night, and a witness who was following petitioner testified that he saw no flares in the vicinity of the accident.
We feel that the excavation constituted a trap of such a hazardous nature as to render the defendants liable for the damages sustained by the petitioner. We feel accordingly that judgment as rendered by the Lower Court is correct and the said judgment will be affirmed.
For the reasons assigned, the judgment of the Lower Court is affirmed, all costs are to be paid by the defendants.
Judgment affirmed.